| iFITZSIMMONS, Judge,
concurring.
I respectfully concur. The majority accedes to the proposition that the petition states a cause of action. Unfortunately, this petition technically does state a cause of action. However, there are facts in this record at the time of the hearing which would indicate that the two minors had already been placed into possession of the value of the estate. It is not clear from the colloquy at the hearing whether these facts were admitted in support of the exception without objection.
This court of review is not bound by the title that sits the precipice of the page: while styled as a no cause of action, the attorney for the plaintiffs minors was really seeking to insulate them, and any potential recovery, from seizure via the “back door.” The trial judge clearly permitted factual “supplementation of the record”. It is not clear if this was admitted “for all purposes” or just for the exception on the issue of lack of procedural capacity. Thus, while evidence admitted without objection on an exception of no cause of action should not be considered in deciding that exception, evidence admitted without objection can be considered in deciding other motions, such as a motion for summary judgment or a motion to strike.
The attorney for the minor children was left on the horns of the proverbial dilemma: no answer means disaster; to answer risked a veritable cornucopia of bad law due to bad facts. He may have styled his response as best he knew; perhaps it is a motion for summary judgment that just wants to cry out, like Godot, against the absurdity of obfuscation. The original petition should have been amended. That amendment should have addressed the proper parties. The third party petition seeks to muddy the water; regretfully it has done so.
The question remains: did the trial judge utilize these facts in making his determination on the exception of “no cause”? Frankly, from the record, and particularly the colloquy between the district court judge and the attorneys, this writer is in quest of |2clarity; the proper scaffolding of the issues was simply not done by the court. While, in the interest of judicial efficiency, I would be inclined to reverse and remand to concretize the issues correctly for proper review, I feel constrained by the procedural parameters as a reviewing court to concur with the majority opinion as set forth.
The evidence presented in the record substantiates that the minors have been placed in possession. I don’t think it logical, or in the best interest of the litigating parties, to prolong the existence of a complaint against something that does not exist. To do so is a pure waste of judicial time: had this matter been properly framed at the trial level, our opinion would not be forced to memorialize the pursuit of nothingness.